IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 1:15-00012

BROCK CORDERRO LEE CAMPBELL

### MEMORANDUM OPINION AND ORDER

In Charleston, on August 3, 2016, came the defendant, Brock Corderro Lee Campbell, in person and by counsel, David R. Bungard, Assistant Federal Public Defender; came the United States by Timm Boggess, Assistant United States Attorney; and came Senior United States Probation Officer Brett S. Taylor, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on January 12, 2016.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  Whereupon the defendant admitted the charge numbered Violation 2 in the petition.  With respect to Violation Number 1 in the petition, defendant admitted the charges outlined in the first two paragraphs of that violation but contested the allegations in the third paragraph.

After taking evidence on the allegations in the third paragraph of Violation Number 1, the court found that those particular charges were not established by a preponderance of the evidence.  However, as to the violations admitted by defendant, the court found those charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was 4 to 10 months.  The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court.  Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of three years.  Neither party objected to the Guideline range and statutory penalty as determined by the court.  The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

After giving counsel for both parties and defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and he is to be incarcerated for a term of ten (10) months.  The

court recommended that defendant be incarcerated at the nearest suitable facility to his family in McDowell County, West Virginia.  Upon completion of his term of incarceration, the defendant will serve a term of supervised release of thirty-six (36) months.  The court further ordered that defendant reside at a halfway house chosen by his probation officer, subject to the approval of the court, for a period of nine (9) months as a special condition of supervised release.  The court also ordered defendant to pay the unpaid portion of the previously-imposed special assessment.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant.  The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

Defendant objected to the halfway house condition.  The United States Sentencing Guidelines specifically state that community confinement may be imposed as a condition of supervised

release.  See U.S.S.G. § 5F1.1; see also 18 U.S.C. § 3583(d) and § 3563(b)(11).  A condition of supervised release must (1) "be reasonably related to at least one of [the] following: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs"; (2) "involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring criminal activity, protecting the public, and promoting the defendant's rehabilitation"; and (3) "be consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d); see also United States v. Woolsey, No. 14-8067, 606 F. App'x 454, 459 (10th Cir. Apr. 6, 2015) (finding that condition of supervised release requiring defendant to reside in halfway house during term of supervised release was reasonable).

With respect to the halfway house condition, the court determined that such a condition would enhance defendant's ability to gain lawful employment, secure a driver's license, avoid the use of controlled substances, and secure a stable place to live.  In other words, the halfway house condition was imposed in order to maximize defendant's chance of successfully completing his term of supervised release without further

4

violations and offered the best chance for rehabilitation.  By his own admission, defendant had used illegal substances on at least two occasions and had driven without a license, evidence of his inability to obtain a law-abiding lifestyle.  As well, although enrolled in college during his term of supervised release, defendant never secured a job.  Furthermore, even though the evidence at the revocation hearing was insufficient to establish that defendant had violated the law by being a felon in possession and/or narcotics trafficking, it did establish that defendant was not compliant with the terms of his supervised release.  Of placement in a halfway house as a condition of supervised release, the <u>Woolsey</u> court noted:

> The halfway house condition imposed here more than satisfies all three requirements.  First, it is reasonably related to Woolsey's history, characteristics, and correctional needs and serves to deter future criminal conduct. . . . Residence at a halfway house will assist the probation officer in monitoring Woolsey's whereabouts, impede his possession of and contact with contraband, cause him to focus on his substance abuse, and discourage further crimes or violations.  It may not be a comfortable experience for him, but for society it will increase the probability of his being held accountable for aberrant behavior during the early days of his third conditional release.
>
> Second, requiring Woolsey to reside at a halfway house for 6 months involves no greater deprivation of liberty than is reasonably necessary. . . .  Distancing Woolsey from corrupting or enabling peers (including family members) is good reason for the modest restraints a halfway house may temporarily entail.  While it will prevent Woolsey from coming and going as he

>    pleases (one of the obvious triggers leading to
>    his current circumstances), nothing in the record
>    suggests how it will prevent him from working or
>    having contact with his family, albeit monitored.

Id. at 458-59.  As in Woolsey, the condition imposed herein was a reasonable restriction on defendant's liberty given his conduct while on supervised release and was tailored to address the various obstacles defendant faced in remaining compliant with the terms and conditions of his supervised release.  Therefore, a nine-month halfway house placement was determined to be the most effective means of allowing defendant to achieve a law-abiding lifestyle.

      The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release.  The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days.  The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him.  The defendant was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

      The defendant was remanded to the custody of the United States Marshals Service.

      The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United

States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 11th day of August, 2016.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge